UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVE NAGY,<br><br>            Plaintiff,<br><br>     v.<br><br>GROUP LONG TERM DISABILITY PLAN FOR EMPLOYEES OF ORACLE AMERICA, INC., et al.,<br><br>            Defendants. | Case No.  14-cv-00038-HSG<br><br>**ORDER REGARDING SOCIAL SECURITY ADMINISTRATION DETERMINATION**<br><br>Re: Dkt. No. 66 |

The Court conducted a bench trial in this action on April 13, 2015. At the very end of that proceeding, counsel for Plaintiff Dave Nagy ("Nagy") alerted the Court to the existence of a January 28, 2015 decision by the Social Security Administration ("SSA") finding him totally disabled from any work as of February 8, 2012. Nagy now moves the Court for leave to submit the SSA's decision in support of his position he is unable to work in "Any Occupation" as defined by the ERISA plan at issue in this case. *See* Dkt. No. 66 ("Mot."). Defendants Group Long Term Disability Plan for Employees of Oracle America, Inc. and Hartford Life and Accident Insurance Company ("Defendants") oppose Nagy's request, arguing that the SSA decision may not be considered as extrinsic evidence under the standard articulated by the Ninth Circuit in *Opeta v. Northwest Airlines Pension Plan for Contract Employees*, 484 F.3d 1211 (9th Cir. 2007). *See* Dkt. No. 68 ("Opp.").

When a district court reviews an administrator's denial of benefits under an ERISA plan under the *de novo* standard of review, "extrinsic evidence [may] be considered only under certain limited circumstances." *Id*. at 1217 (citation omitted). "[A] district court should not take additional evidence merely because someone at a later time comes up with new evidence . . . ." *Id*. (citation omitted). "In most cases, only the evidence that was before the plan administrator at the

time of determination should be considered." *Id*. (citation and quotation marks omitted).  The district court should "exercise its discretion to consider evidence outside the administrator record only when circumstances *clearly establish* that additional evidence is *necessary* to conduct an adequate de novo review of the benefit decision." *Id*. (citation and quotation marks omitted).

The Ninth Circuit has adopted the Fourth Circuit's non-exhaustive list of exceptional circumstances where the introduction of evidence beyond the administrative record *could be* considered necessary:

> claims that require consideration of complex medical questions or issues regarding the credibility of medical experts; the availability of very limited administrative review procedures with little or no evidentiary record; the necessity of evidence regarding interpretation of the terms of the plan rather than specific historical facts; instances where the payor and the administrator are the same entity and the court is concerned about impartiality; claims which would have been insurance contract claims prior to ERISA; and circumstances in which there is additional evidence that the claimant could not have presented in the administrative process.

*Id*. (citation omitted).  However, the fact that a case implicates even several of these circumstances does not automatically justify the admission of extrinsic evidence.  The Court must still find that the presence of these exception circumstances renders consideration of the particular extrinsic evidence sought to be admitted necessary to conduct *de novo* review of the benefit decision.  *Id*.

The Court agrees with Nagy that this case involves several of the exceptional circumstances listed above.  However, Nagy has made no argument concerning why admission of the SSA decision he seeks to introduce is necessary to the adequate *de novo* review of the benefit decision.  Accordingly, Nagy is **ORDERED** to lodge the SSA decision with the Court no later than **June 5, 2015**.  Nagy and the Defendants may file 5-page briefs discussing the import of that decision no later than **June 19, 2015**, as well a 5-page reply brief no later than **June 26, 2015**.  The Court will consider the admissibility of the SSA decision after briefing is complete.

**IT IS SO ORDERED.**

Dated: 6/2/2015

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

2