LAW OFFICES OF LAURENCE F. PADWAY
Laurence F. Padway (SBN 89314)
1516 Oak Street, Suite 109
Alameda, CA 94501
Tel:  510.814.6100
Fax:  510.814.0650
*Attorneys for Plaintiff David Nagy*

BURKE, WILLIAMS & SORENSEN, LLP
Michael B. Bernacchi (SBN 163657)
E-mail:  mbernacchi@bwslaw.com
444 South Flower Street, Suite 2400
Los Angeles, CA  90071-2953
Tel:  213.236.0600
Fax:  213.236.2700
*Attorneys for Defendants*
*Group Long Term Disability Plan for*
*Employees of Oracle America, Inc. and*
*Hartford Life and Accident Insurance Company*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVE NAGY, | Case No. 14-CV-00038-HSG |
| Plaintiff, | **JUDGMENT** |
| v. | |
| GROUP LONG TERM DISABILITY PLAN FOR EMPLOYEES OF ORACLE AMERICA, INC., and HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, | Honorable Haywood S. Gilliam, Jr. |
| Defendants. | |

This Court conducted a bench trial in this action on April 13, 2015. Lawrence F. Padway of Law Offices of Laurence F. Padway appeared on behalf of Plaintiff David Nagy ("Nagy") and Michael B. Bernacchi of Burke, Williams & Sorensen, LLP appeared on behalf of Defendants Group Long Term Disability Plan

for Employees of Oracle America, Inc. (the "Plan") and Hartford Life and Accident Insurance Company ("Harford") (collectively "Defendants").  The parties submitted supplemental briefing on April 17, 2015; April 27, 2015; June 19, 2015; June 29, 2015; and November 9, 2015.  On April 22, 2016, the Court issued its Order for Findings of Fact and Conclusions of Law (Dkt. No. 89) ("Order"), overturning Hartford's denial of long-term disability ("LTD") benefits.

After considering the opening and responding trial briefs submitted by the parties, the Administrative Record submitted by Defendants, Nagy's requests for the Court to consider extrinsic evidence, Defendants' objections thereto, the parties' supplemental briefing, all accompanying filings, the oral arguments of counsel, and all other matters presented to the Court, for all of the reasons presented in the Court's Order, Judgment is entered in favor of Nagy and against Defendants in accordance with Rule 58 of the Federal Rules of Civil Procedure.  Additionally, the Court makes the following findings, judgments and orders:

1. Nagy has been experiencing "Total Disability" as defined under the Policy from September 13, 2011, until at least January 16, 2013, when Hartford denied Nagy's LTD claim.  Hartford's denial of benefits on that date is therefore vacated.

2. Nagy is awarded the amount of "own occupation" LTD benefits due payable from December 12, 2011[1] to December 11, 2013, which the parties agree is $31,106.70.  Nagy is awarded prejudgment interest in the amount of $5,000 for the benefits during this period based on the parties' agreement, without waiver of Defendants' appeal rights.

3. Nagy's claim is remanded to Hartford for further proceedings in accordance with the Court's April 22, 2016 Order to determine whether Nagy is

---

[1] The claim is subject to a 90-day elimination period.

entitled to benefits under the "any occupation" standard.  Hartford's decision shall be made within 90 days of the Court's April 22, 2016 Order, absent tolling pursuant to ERISA regulations, the parties' stipulation and/or a further order of this Court.  The Court shall retain jurisdiction of the case pending such determination, only for the purpose of enforcing the Court's Order that a determination be made within 90 days of the Court's April 22, 2016 Order.  To the extent a dispute arises concerning the substance of the determination, the parties shall treat that dispute as separate from the instant action, though, should a complaint be filed in this Court, Plaintiff may seek relation to the instant action pursuant to the Court's local rules.

4. The parties shall file, by July 22, 2016, a joint report to the Court stating whether the matter has been resolved.  If the parties' report states that the matter has been resolved, the Clerk shall be directed to close the Court's file.  Otherwise, the Court shall schedule a case management conference.

5. Nagy may file a motion to recover his attorneys' fees and costs in this action.  The parties agree that the time to file any such motion for attorneys' fees and costs shall be extended to 21 days following the entry of judgment.

6. In accordance with Rules 58 and 79(a) of the Federal Rules of Civil Procedure, Judgment is entered in Nagy's favor and against Defendants consistent herewith, as of the date the Clerk notates this Judgment in the civil docket.

Dated:  6/9/2016

_____
Hon. Haywood S. Gilliam, Jr.
United States District Judge