UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVE NAGY,<br><br>              Plaintiff,<br><br>       v.<br><br>GROUP LONG TERM DISABILITY PLAN FOR EMPLOYEES OF ORACLE AMERICA, INC., et al.,<br><br>              Defendants. | Case No. 14-cv-00038-HSG<br><br>**ORDER GRANTING APPROVAL OF CASH DEPOSIT IN LIEU OF BOND; GRANTING MOTION FOR REVIEW OF TAXATION OF COSTS**<br><br>Re: Dkt. Nos. 104, 111 |

Defendants move for the Court's approval of a cash deposit in the amount of $50,000 in place of a bond. Dkt. No. 104. Plaintiffs do not oppose the use of a cash deposit in lieu of a bond. *See* Dkt. No. 113 at 5 ("With respect to defendants' request to deposit funds equal to the amount of the bond with the Court instead of actually posting a bond, we have no objection."). Rather, the parties dispute whether the bond, or in this case cash deposit, must account for the anticipated attorneys' fees in addition to the judgment amount.

For the reasons provided, the Court holds that attorneys' fees are not included as an item of "costs" and thus do not need to be included in the bond amount.[1]

**I.    DISCUSSION**

Under Federal Rule of Civil Procedure 62(d), a defendant may post a supersedeas bond to secure a stay of enforcement during the disposition of an appeal. In addition, "the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. Although Rule 62(d) provides only that a party may post a supersedeas bond to obtain such a stay, the Ninth Circuit has held that district

---

[1] The Court finds this motion suitable for disposition without oral argument, *see* Civ. L.R. 7-1(b).

1  courts have discretion to "allow other forms of judgment guarantee" in lieu of a bond.

2  *International Telemeter, Corp. v. Hamlin International Corp.*, 754 F.2d 1492, 1495 (9th Cir.

3  1985). "District courts have inherent discretionary authority in setting supersedeas bonds . . . The

4  purpose of a supersedeas bond is to secure the appellees from a loss resulting from the stay of

5  execution and a full supersedeas bond should therefore be required." *Rachel v. Banana Republic,*

6  *Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987).

7  In light of *International Telemeter* and the Plaintiff's non-opposition to a cash deposit

8  instead of a bond, the Court GRANTS Defendants' request to proceed with a cash deposit under

9  Rule 62(d).[2] With respect to Plaintiff's request that the bond amount include the award of

10  attorneys' fees' on appeal, the Court DENIES the request.

11  Plaintiff argues that ERISA, like the statute at issue in *Azizian v. Federated Dep't Stores,*

12  *Inc.*, 499 F.3d 950 (9th Cir. 2007), provides for an award of attorneys' fees as part of costs and

13  that the bond must take into account that award under Federal Rule of Appellate Procedure 7. In

14  *Azizian*, the Ninth Circuit held that "a district court may require an appellant to secure appellate

15  attorney's fees in a Rule 7 bond, but only if an applicable fee-shifting statute includes them in its

16  definition of recoverable costs, and only if the appellee is eligible to recover such fees." *Id.* at

17  953. In *Azizian*, Section 4 of the Clayton Act, 15 U.S.C. § 15, had a fee-shifting provision,

18  including attorney's fees in its definition of costs recoverable by a prevailing plaintiff. *Id.* at 953;

19  *see also* 15 U.S.C. § 15(a) (authorizing recovery of "the cost of suit, including a reasonable

20  attorney's fee").

21  Contrary to Plaintiff's contention, ERISA's fee-shifting provision does not include

22  attorneys' fee as recoverable costs. Section 1132(g) provides:

23  > In any action under this subchapter (other than an action described
   > in paragraph (2)) by a participant, beneficiary, or fiduciary, the court
24  > in its discretion may allow a reasonable *attorney's fee and costs* of
   > action to either party.
25  
26  29 U.S.C § 1132 (emphasis added). Because the statute expressly separates attorney's fee and

---

[2] On July 21, 2016, Defendants deposited with the Court a cash deposit in the amount of $50,000 with the Court in lieu of a supersedeas bond for its appeal of the judgment entered on June 9, 2016. Dkt. No. 105.

1  costs as two distinct items, ERISA is unlike Section 4 of the Clayton Act, and thus, there is no
2  basis to include attorney's fee as a part of costs.[3]

3  Lastly, on August 2, 2016, Defendant moved for an order to eliminate the $743.68
4  awarded as costs for "witness" fees in the Clerk's Bill of Costs dated July 26, 2016, Dkt. No. 107.
5  Dkt. No. 111.  The motion is made on the grounds that there were no witnesses in this ERISA
6  case. *Id.*  Defendant argues that Plaintiff is not entitled to travel and lodging costs for his travel to
7  California for the mediation and trial attendance. *Id.*

8  On August 18, 2016, Plaintiff filed a notice indicating that he "has no opposition to
9  Defendants' Motion re Clerk's Order Taxing Costs." Dkt. No. 115.  Accordingly, the Court
10 GRANTS the motion to eliminate the witness fees from the Bill of Costs, Dkt. No. 107.

11 **IT IS SO ORDERED.**

12 Dated: 9/7/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[3] At this time, the Court does not consider the need for an additional bond.  If Plaintiff's pending motion for attorneys' fees is granted, *see* Dkt. No. 97, and if Defendants decide to appeal the fee award, the parties may brief the additional need for a bond should they be unable to resolve the matter by meeting and conferring first.

3